jurors, the statement that a $25,000 verdict would add to an existent scandal, and other such utterances cannot be condoned as an excess of zeal when considered in conjunction with the plea to the jurors to forego their functions as jurors in arriving at a proper amount of damages. The jurors were informed that they were not to think that " you are the last ones who are going to dispose of this case," that the case was going to go through appellate courts consisting of a specified number of judges and that a small verdict would be paid and forgotten. They were advised, " Whatever you do cannot be upset except in one thing — if you render too large a verdict. The Appellate Courts can reduce it, but they cannot increase it. Without a new trial they can reduce it. And this Judge on the bench here can reduce it." That was a plain intimation to the jury that no harm could come to the defendants if the jury rendered an excessive verdict. An analogous situation was presented in *People* v. *Johnson* (284 N. Y. 182), where it was held that the effect of such statements was to weaken the jurors' sense of obligation in the performance of their duties and the full appreciation of their responsibility. The rule was stated generally and was not limited to criminal cases. The appeals from the original judgment are dismissed, without costs. Hagarty, Adel and Taylor, JJ., concur; Carswell and Johnston, JJ., concur for dismissal of the appeals from the original judgment, but dissent from the reversal of the amended judgment and the granting of a new trial and vote to affirm the amended judgment.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN GOLDMAN, Appellant.— Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of the crime of petit larceny. Judgment reversed on the law, information dismissed, and the defendant discharged. In our opinion, as matter of law, this record does not disclose evidence establishing the guilt of the defendant of the crime charged beyond a reasonable doubt. Lazansky, P. J., Hagarty and Taylor, JJ., concur; Carswell and Adel, JJ., dissent and vote to affirm the judgment of conviction.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEWISH KOSHER PROVISION Co. (a Corporation), Appellant. — Judgment of the Court of Special Sessions of the City of New York [County of Kings], convicting the defendant of violating section 435-c of the Penal Law (fraudulent identification of meats, meat preparations and food products), and of conspiracy, modified on the law by striking therefrom so much as convicts the defendant on the third and fourth counts of the information, and by dismissing the information as to said counts. As so modified, the judgment is unanimously affirmed. The district attorney concedes that the defendant should not have been convicted under the third and fourth counts. The appeal from the orders is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM KELLER, Appellant.— Judgment of the Court of Special Sessions of the City of New York [County of Kings], convicting the defendant of violating section 435-c of the Penal Law (fraudulent identification of meats, meat preparations and food products), and of conspiracy, modified on the law by striking therefrom so much as convicts the defendant on the third and fourth counts of the information, and by dismissing the information as to said counts. As so modified, the judgment is unanimously affirmed. The district attorney concedes that the defendant should not have been convicted under the third and fourth counts. The appeal from the